1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

THOMAS MICHAEL BENHOFF,

11

Plaintiff,

v.

12
13

UNITED STATES DEPARTMENT
OF JUSTICE; LAURA E. DUFFY,
UNITED STATES ATTORNEY;
KYLE W. HOFFMAN, ASSISTANT
UNITED STATES ATTORNEY,

14
15
16

Defendants.

CASE NO. 16CV1095-GPC(JLB)

**ORDER GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTION TO
DISMISS**

**[Dkt. No. 10.]**

17
18      Before the Court is Defendants' motion to dismiss for lack of jurisdiction

19  pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff filed an opposition and

20  Defendants replied. (Dkt. Nos. 12, 13.) On November 8, 2016, Plaintiff filed a request

21  to file a sur-reply. (Dkt. No. 16.) The motions are submitted on the papers without oral

22  argument pursuant to Civil Local Rule 7.1(d)(1). The Court GRANTS Plaintiff's

23  request to file a sur-reply. Based on the reasoning below, the Court GRANTS in part

24  and DENIES in part Defendants' motion to dismiss for lack of jurisdiction.

25                              **Background**

26      Plaintiff Thomas Michael Benhoff ("Plaintiff"), proceeding *pro se*, is currently

27  in custody in the San Diego County Jail facing a charge, *inter alia*, of alleged

28  possession of six images of "child pornography" in violation of California Penal Code

section 311.11 in San Diego Superior Court in the case of <u>People v. Benhoff</u>, SCN324140. (Dkt. No. 1, Compl. ¶ 1.) Defendant United States Department of Justice is a federal governmental agency in possession of the documents sought by Plaintiff. (<u>Id.</u> ¶ 2.) Defendant Laura Duffy is the United States Attorney for the Southern District of California, who has the ultimate authority for the denial of Plaintiff's FOIA request. (<u>Id.</u> ¶ 3.) Kyle Hoffman is the Assistant United States Attorney ("AUSA") who communicated directly with Plaintiff and denied the FOIA request. (<u>Id.</u> ¶ 4.)

Around November 17, 2015, Plaintiff served a subpoena duces tecum issued from the Superior Court of San Diego County on the Federal Bureau of Investigation ("FBI") seeking materials under the Freedom of Information Act ("FOIA"). (<u>Id.</u> ¶ 6.) Around November 30, 2015, AUSA Hoffman responded that Plaintiff's subpoena duces tecum from the state court would not be complied with due to sovereign immunity of federal agencies in state court. (<u>Id.</u> ¶ 7; <u>id.</u>, Att. A at 11[1].) The letter then summarized the "<u>Touhy</u>[2]" procedures for Plaintiff to undertake to obtain the requested materials. (<u>Id.</u>) Around January 14, 2016, Plaintiff submitted to Hoffman a FOIA request supported by pertinent documents. (<u>Id.</u> ¶ 8; <u>id.</u>, Ex. A at 7.) Plaintiff claims his FOIA request does not seek information that are exempt from disclosure and seeks only six images that are charged against Plaintiff in the pending state criminal prosecution, and no records are sought that would interfere with enforcement proceedings or disclose investigative techniques. (<u>Id.</u> ¶¶ 11, 12.) In a letter dated February 4, 2016, Hoffman denied Plaintiff's FOIA request. (<u>Id.</u> ¶ 14; <u>id.</u>, Ex. B at 19.)

According to Plaintiff, the subject FOIA materials are directly exculpatory and would allow him to prove his factual innocence in the state criminal proceedings and Defendants have improperly refused to produce the documents requested. (<u>Id.</u> at 1; <u>id.</u> ¶ 18.) Plaintiff alleges causes of action under the Freedom of Information Act ("FOIA") and the Administrative Procedures Act ("APA") to compel the disclosure of

---

[1]Page numbers are based on the CM/ECF pagination.

[2]<u>Touhy v. Ragen</u>, 340 U.S. 462 (1951).

[16CV1095-GPC(JLB)]

1   non-exempt documents which Plaintiff sought and Defendants have refused to produce.

2   Specifically, Plaintiff seeks "injunctive and/or mandamus relief" compelling

3   Defendants "to provide all available, non-exempt materials and information responsive

4   to" nine Freedom of Information Act ("FOIA") requests attached in Exhibit A.  (Id. at

5   5.)

6                                    **Discussion**

7           Defendants move to dismiss the FOIA cause of action for failure to exhaust

8   administrative remedies and move to dismiss the U.S. Attorney and the Assistant U.S.

9   Attorney as defendants, under the remaining cause of action under the Administrative

10  Procedures Act.[3]  (Dkt. No. 10.)  Plaintiff opposes.

11  **A.     Legal Standard under Federal Rule of Civil Procedure 12(b)(1)**

12          Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of a

13  complaint for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Rule

14  12(b)(1) jurisdictional attacks can be either facial or factual.  White v. Lee, 227 F.3d

15  1214, 1242 (9th Cir. 2000).

16          Here, Defendants are mounting a factual attack on subject matter jurisdiction as

17  they provide evidence to challenge subject matter jurisdiction.  In a factual attack, the

18  challenger provides evidence that an alleged fact in the complaint is false, thereby

19  resulting in a lack of subject matter jurisdiction.  Safe Air for Everyone v. Meyer, 373

20  F.3d 1035, 1039 (9th Cir. 2004).  Upon a factual attack, the allegations in the complaint

21  are not presumed to be true, White, 227 F.3d at 1242, and "the district court is not

22  restricted to the face of the pleadings, but may review any evidence, such as affidavits

23  and testimony, to resolve factual disputes concerning the existence of jurisdiction."

24  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988).  "Once the moving party

25  has converted the motion to dismiss into a factual motion by presenting affidavits or

26  other evidence properly brought before the court, the party opposing the motion must

27  furnish affidavits or other evidence necessary to satisfy its burden of establishing

28

[3]Defendants do not move to dismiss the APA cause of action.

subject matter jurisdiction." <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). The district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. <u>See id.</u> However, "[a] court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).)

**B.     Freedom of Information Act ("FOIA")**

FOIA requires every agency "upon any request for records which . . . reasonably describes such records" to make such records "promptly available to any person." 5 U.S.C. § 552(a)(3). There are nine categories of documents exempted from disclosure under FOIA. 5 U.S.C. § 552(b). "If an agency improperly withholds any documents, the district court has jurisdiction to order their production." <u>U.S. Dept. of Justice v. Reporters Comm. for Freedom of Press</u>, 489 U.S. 749, 756 (1989).

"Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." <u>In re Steele</u>, 799 F.2d 461, 465 (9th Cir. 1986) (citations omitted). "FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review." <u>Hedley v. United States</u>, 594 F.2d 1043, 1044 (5th Cir. 1979). "The complainant must request specific information in accordance with published administrative procedures, <u>see</u> 5 U.S.C. § 552(a)(1), (2) & (3), and have the request improperly refused before that party can bring a court action under the FOIA. <u>See</u> 5 U.S.C. § 552(a)(4)(B)[4]." <u>In re Steele</u>, 799 F.2d at 466. If a plaintiff has not complied with the exhaustion procedures, district courts lack jurisdiction over the claim under the exhaustion doctrine and will dismiss the claim for lack of subject matter jurisdiction. <u>Id.</u> In <u>Steele</u>, the Ninth Circuit held that the claimants failed to exhaust the FOIA claim because neither of them made

---

[4] "On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

a request from the agency's office pursuant to FOIA.  Id. The court also determined that the district judge improperly construed the claimants' informal discovery as a request for information under FOIA.  Id.

Defendants argue that because Plaintiff never submitted a FOIA request to the FBI, his claim fails for lack of administrative exhaustion.   The FBI's Record/Information Dissemination Section ("RIDS") processes FOIA requests and a search of Document Processing System, which processes, tracks and responds to FOIA requests received by the FBI reveals no FOIA requests by "Thomas Michael Benhoff." (Dkt. No. 10-3, Hardy Decl. ¶¶ 3, 4.)  The FBI's public website provides detailed instructions on how to submit a FOIA request which includes mailing the request to RIDS to an address in Virginia, faxing to a specific fax number, emailing to a specific email address or electronically submitting a request via the eFOIA portal.  (Id. ¶ 7.) FOIA requests are different and distinct from Touhy[5] requests and both are governed by two separate standards, regulations and procedures.  (Id. ¶ 6.)

In response, Plaintiff first argues that his requests for information were FOIA requests because the subject line of his January 14, 2016 letter states, "Request for Information . . ." and FOIA does not require that he specifically include the words "FOIA request"; therefore, he contends his January 14, 2016 letter was a FOIA request.

As noted by Defendants in their reply, the January 14, 2106 subject line, in full, states "Request for Information Pursuant to 28 C.F.R. 16.21 - 16.27." (Dkt. No. 1, Ex. A at 7.)  Contrary to Plaintiff's argument, he specifically sought information under the Touhy regulations.  Moreover, Plaintiff's alleged FOIA request on January 14, 2016 was a response to Defendant Hoffman's letter of November 30, 2015 concerning

---

[5]Federal agencies, including the Department of Justice, have regulations implementing policies for disclosing information to state courts after receiving a "demand", which ordinarily takes the form of a subpoena.  Mak v. FBI, 252 F.3d 1089, 1092 (9th Cir. 2001).  These regulations, known as the Touhy regulations, are codified at 28 C.F.R. §§ 16.21-16.27 and provide procedures to respond to demands for "production or disclosure" of information for state and federal court proceedings.  Id. (citing 28 U.S.C. § 16.21(a).)

1  Plaintiff's earlier subpoena for FBI records, and not a FOIA request. (Dkt. No. 10-3,

2  Hardy Decl. ¶ 5.)   Thus, Plaintiff's argument that his January 14, 2016 letter to

3  Hoffman was a FOIA request is without merit.

4      Second, Plaintiff argues his requests for information should be construed as

5  FOIA requests because he submitted a request for information to the DOJ which is an

6  agency to which FOIA information can be sought.   Therefore, a FOIA request to the

7  DOJ was a FOIA request to the FBI.   However, as stated in a declaration by the Section

8  Chief of RIDS at the FBI, FOIA requests seeking records from the FBI must

9  specifically comply with the procedural requirements outlined on its website which

10  Plaintiff failed to comply with.   (Dkt. No. 10-3, Hardy Decl. ¶¶ 7, 8.)   Moreover,

11  Plaintiff's letter of January 14, 2016 specifically seeks document pursuant to the Touhy

12  regulations.   Plaintiff's argument is not persuasive.

13      Lastly, even if Plaintiff did not comply with exhausting administrative remedies

14  for his FOIA claim, he argues that he should be exempted from the requirement to

15  exhaust because he faces irreparable injury of a false state court conviction and cites

16  to Laing v. Ashcroft, 370 F.3d 994 (9th Cir. 2004).[6]   However, Laing is inapposite as

17  it concerned the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

18  dealing with different issues and concerns than those involved in a FOIA request.

19  Plaintiff has not provided any legal support that the exhaustion requirement may be

20  waived under FOIA.[7]

21      Because Plaintiff has not demonstrated he exhausted administrative remedies,

22  the Court lacks subject matter jurisdiction over his FOIA claim, and the Court

23  GRANTS Defendants' motion to dismiss the FOIA cause of action.   Although Plaintiff

24  argues that even if his letter of January 14, 2016 was not a FOIA request, it was a

---

25

26  [6] Laing held that the district court erred by waiving the exhaustion requirement concerning the untimeliness of the petition for review.   370 F.3d at 1001.

27  [7] The Court notes there is a "constructive exhaustion" provision under FOIA.   See

28  5 U.S.C. § 552(a)(6)(C) (if the government fails to timely respond to a plaintiff's FOIA request, a plaintiff is "deemed to have exhausted his administrative remedies").   In this case, Plaintiff has not even made a FOIA request.

<u>Touhy</u> request.  The Court notes that Defendants have not moved to dismiss the APA claim regarding the <u>Touhy</u> request and that claim remains.

**B.     Dismissal of Individual Defendants U.S. Attorney and Assistant U.S. Attorney**

Defendants argue that, under the APA, Laura Duffy, the U.S. Attorney, and Kyle Hoffman, Assistant U.S. Attorney, as individuals, should be dismissed.  In response, Plaintiff argues that Defendants have not provided any authority that the individual defendants should be dismissed at this stage as 5 U.S.C. § 703 authorizes suits against "any appropriate officer."

An APA action is the appropriate means for reviewing a federal agency's final decision based on <u>Touhy</u> regulations.  <u>Akal Sec., Inc. v. U.S. Immigration and Customs Enforcement</u>, No. 09cv2277-W(NLS), 2010 WL 2731649 at *4 (S.D. Cal. July 9, 2010).  The APA provides that "the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer."  5 U.S.C. § 703.  The <u>Touhy</u> regulations provide that in a case where the United States is not a party, Department employees may not produce any materials subpoenaed without "prior approval of proper Department official."  <u>Smith v. Cromer</u>, 159 F.3d 875, 878 (4th Cir. 1998) (quoting 28 C.F.R. §16.22(a).)  If a demand is made to a department employee, the employee must notify the U.S. Attorney for the district where the issuing authority is located."  <u>Id.</u> § 16.22(b).  Furthermore, the <u>Touhy</u> regulations provide that as a starting point, the U.S. Attorney as the responsible official must, after any necessary consultation with the originating component[8], "authorize . . . the production of material from Department files without further authorization from Department officials whenever possible . . . ."  28 C.F.R. § 16.24(c).  The U.S. Attorney has the authority to grant or deny a request for the production of documents.  Moreover, U.S.

---

[8]The "'originating component' is the bureau, division, office or agency of the DOJ in which the person whose deposition is sought is employed."  <u>Cavanaugh v. Wainstein</u>, Civil Action No. 05-123 (GK), 2007 WL 1601723, at *12 n. 13 (D.D.C. June 4, 2007) (citing 28 C.F.R. § 16.24(a)).

[16CV1095-GPC(JLB)]

Attorneys have been named as defendants in APA cases.  See  IMO Miller v. Mehltretter, 478 F. Supp. 2d 415, 418 (E.D.N.Y. 2007) (Acting U.S. Attorney named as a defendant in APA cause of action); Cavanaugh v. Wainstein, Civil Action No. 05-123 (GK), 2007 WL 1601723, at *1 (D.D.C. June 4, 2007) (U.S. Attorney as named defendant where Acting Chief of the Civil Division denied the demand for deposition in an APA claim).  Thus, the Court concludes the U.S. Attorney is an appropriate officer under the APA; however, Plaintiff has not provided any legal authority, and the Court has not found any legal authority that an AUSA is an appropriate officer and can be named as a defendant.

In sum, the Court concludes that Laura Duffy, the U.S. Attorney, is an "appropriate officer" under the APA and is properly named as a Defendant; however, AUSA Hoffman is not an "appropriate officer" under the APA.  Accordingly, the Court GRANTS Defendants' motion to dismiss the Assistant U.S. Attorney and DENIES Defendants' motion to dismiss the U.S. Attorney as a named defendant.

## Conclusion

Based on the above, the Court GRANTS Defendants' motion to dismiss the FOIA cause of action and GRANTS Defendants' motion to dismiss the Assistant U.S. Attorney and DENIES Defendants' motion to dismiss the U.S. Attorney.

IT IS SO ORDERED.

DATED:  November 29, 2016

HON. GONZALO P. CURIEL
United States District Judge

[16CV1095-GPC(JLB)]