**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THOMAS MICHAEL BENHOFF,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE; ALANA ROBINSON, Acting United States Attorney,[1]

Defendants.

CASE NO. 16CV1095-GPC(JLB)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**[Dkt. Nos. 20, 22.]**

Before the Court is Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment. (Dkt. Nos. 20, 22.) Plaintiff filed an opposition to Defendants' motion for summary judgment.[2] (Dkt. No. 23.) Defendants then filed an opposition to Plaintiff's motion for summary judgment and a reply in support of their motion for summary judgment. (Dkt. No. 28.) Plaintiff filed a reply to Defendants' opposition on March 1, 2017. (Dkt. No. 29.) The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based on

[1]On January 6, 2017, Alana Robinson was appointed Acting U.S. Attorney for the Southern District of California. Pursuant to Federal Rule of Civil Procedure 25(d), Alana Robinson, Acting U.S. Attorney is substituted for U.S. Attorney Laura Duffy as a defendant in this case.

[2]On January 18, 2017, Plaintiff filed a notice of errata informing the Court that he inadvertently referred to himself as a Defendant instead of the Plaintiff on page 2 of his motion. (Dkt. No. 25.)

the reasoning below, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's motion for summary judgment.

**Background**

Plaintiff Thomas Michael Benhoff ("Plaintiff"), proceeding *pro se*, is currently in custody in the San Diego County Jail facing a charge*, inter alia*, of alleged possession of six images of "child pornography" in violation of California Penal Code section 311.11 in San Diego Superior Court in the case of People v. Benhoff, SCN324140. (Dkt. No. 1, Compl. ¶ 1.) Defendant United States Department of Justice ("DOJ") is a federal governmental agency in possession of the documents sought by Plaintiff. (Id. ¶ 2.) Defendant Alana Robinson is the Acting United States Attorney for the Southern District of California, who has the ultimate authority for the denial of a FOIA request. (Id. ¶ 3.)

Plaintiff faxed a state court subpoena to the FBI on November 17, 2015 seeking records for use in defending against the child pornography charges. (Dkt. No. 20-2, Hoffman Decl., Ex. A.) In that subpoena, he requested the "results of investigations whether 'iceporn.com' contains child pornography, whether those results were positive or negative. Of course, all confidential information redacted." (Id.) In a letter dated November 30, 2015, the U.S. Attorney's office responded, on behalf of the FBI, and informed Plaintiff that his requests are governed by the Department of Justice's Touhy[3] regulations, 28 C.F.R. §§ 16.21-16.27 and in order to invoke those procedure Plaintiff must provide a "summary of the information sought and its relevance to the proceeding" in accordance with those regulations. (Id., Ex. B at 8.) In response, in a letter dated January 14, 2016, Plaintiff requested the following information,

> 1. Any information you have, and can provide me, with respect to whether the person photographed in each of the images was, or was not, under 18 years of age at the time the photograph was taken.
>
> 2. Any information you have, and can provide me, as to whether or not any of the images were photo-shopped, altered, or otherwise reconstructed in any manner.

---

[3]United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

> 3. Because image 1328453.jpg apparently has no "metadata" (according to my expert), whether you know the age of the person in the image at the time it was taken- i.e., through identical or similar images taken of her on or about the same date, or through any other sources.
>
> 4. Whether, as far as you know, sexual photographs of Ms. Amal Liu (Attachment B) were ever taken of her when she was under 18 years of age. (It is my expert's belief that she has only done this as an adult.)
>
> 5. Any information you have, and can provide me, with respect to whether any of the images are illegal child pornography under federal law, and if so, which ones.
>
> 6. Any information you have, and can provide me, as to whether or not the website "iceporn.com" ever contained images of child pornography, in particular in July, 2013.
>
> 7. Any information you have, and can provide me, as to whether or not the website(s) from which iceporn.com derived the images ever contained images of child pornography.
>
> 8. Whether or not you know of any websites (I do not need them named specifically), in particular ones operating in July, 2013, which stated on their home page words to the effect that the website was compliant with 18 U.S.C. § 2257, that "all models are over 18 years of age," or similar disclaimer, when the website in fact contained child pornography.
>
> 9. If you do know of any websites that claimed on their home page to be compliant with 18 U.S.C. § 2257 but in fact contained child pornography, what is the relative frequency, or rarity, of such false disclaimers, i.e., as an approximate percentage of the false-disclaimer websites to websites which state the disclaimers truthfully.

(Id., Ex. C at 13-14.) Plaintiff also sought "crime data reflecting the number and/or percentage of people charged with indecent exposure of and also with possession of child pornography." (Id. at 14.) In a letter dated February 4, 2016, Defendants provided a response and declined to provide the information Plaintiff requested. (Id., Ex. D.)

On May 2, 2016, Plaintiff filed the instant complaint alleging causes of action under the Freedom of Information Act ("FOIA") and the Administrative Procedures Act ("APA") to compel the disclosure of non-exempt documents which Plaintiff sought and Defendants refused to produce. (Dkt. No. 1, Compl.)

On November 29, 2016, the Court granted in part and denied in part Defendants'

motion to dismiss for lack of jurisdiction. (Dkt. No. 18.) The Court dismissed the FOIA claim for lack of subject matter jurisdiction because Plaintiff had not demonstrated he exhausted administrative remedies and dismissed Defendants AUSA Hoffman as not "an appropriate officer" under the APA. (Dkt. No. 18.) The remaining claim on summary judgment is under the APA.

**Discussion**

Defendants move for summary judgment on the APA cause of action arguing that they provided a rational basis for its decision not to provide Plaintiff with records regarding child pornography investigations determining that compliance would reveal investigative records that would interfere with enforcement proceedings or disclose investigative techniques, would be burdensome and would not be an efficient use of federal government resources. Plaintiff moves for summary judgment arguing that the information he seeks is not privileged or restricted in any way and production of those records would not interfere with enforcement proceedings or disclose investigative techniques. According to Plaintiff, the requested materials are directly exculpatory and would allow him to prove his factual innocence in the state criminal proceedings. In reply, Plaintiff asserts that the state prosecutor received the alleged images of child pornography from his laptop from FBI agent, David Iorillo, who works on a joint task force with state authorities. (Dkt. No. 29 at 4.)

**A. Standard of Review**

The Administrative Procedures Act governs judicial review of agency actions under the Touhy regulations. See COMSAT Corp. v Nat'l Science Fdn., 190 F.3d 269, 277 (4th Cir. 1999) ( in the context of an agency's response to a third-party subpoena, "the proper method for judicial review of the agency's final decision pursuant to its regulations is through the Administrative Procedure Act.").

The Administrative Procedure Act authorizes judicial review where a person "suffer[s] legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of [the] relevant statute." 5 U.S.C. § 702. An

agency's decision must be upheld under judicial review unless the court finds that the decision or action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency decision may also be set aside if the decision is "contrary to constitutional right, power, privilege, or immunity." Id. § 706(2)(B). The standard is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." Nw. Ecosystem Alliance v. U.S. Fish and Wildlife Serv., 475 F.3d 1136, 1140 (9th Cir. 2007) (citation omitted). Agency action is valid if the agency "considered the relevant factors and articulated a rational connection between the facts found and the choices made." Arrington v. Daniels, 516 F.3d 1106, 1112 (9th Cir. 2008) (citations omitted); see also Nat'l Wildlife Fed v. U.S. Army, 384 F.3d 1163, 1170 (9th Cir. 2004) (an agency must present a "rational connection between the facts found and the conclusions made."). A court's review of an agency decision under the APA is "narrow and [a court] may not substitute [its] judgment for that of the agency." Mt. St. Helens Mining &Recovery Ltd. Partnership v. U.S., 384 F.3d 721 (9th Cir. 2004). The burden is on Plaintiff to show any decision or action was arbitrary and capricious. See Kleppe v. Sierra Club, 427 U.S. 390, 412 (1976).

A court's review of an agency decision typically is limited to the administrative record. Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988). "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985). However, the Ninth Circuit has allowed the scope of the record to be expanded

> (1) if necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "when the agency has relied on documents not in the record," or (3) "when supplementing the record is necessary to explain technical terms or complex subject matter.

Sw. Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996) (quoting Inland Empire Public Land Council v. Glickman, 88 F.3d 697, 703 (9th

Cir. 1996)).

The head of an executive department may promulgate procedural regulations governing "the custody, use and preservation of its records, papers and property." 5 U.S.C. § 301. The Department of Justice promulgated regulations known as the Touhy regulations which provide the procedure to request testimony or documents. See 28 C.F.R. §§ 16.21-16.27; United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951) (approving Department of Justice regulations requiring the Attorney General's approval before employees could release official documents)). The regulations prohibit current or former employees from producing documents or providing testimony in a case where the United States is not a party, unless the appropriate agency official authorizes the disclosure. 28 C.F.R. § 16.22(a). The Touhy regulations specifically apply when the agency is a non-party subject to a state court subpoena, 28 C.F.R. § 16.21(a), because the "principles of sovereign immunity preclude actions to enforce state-court subpoenas against the United States." Kwan Fai Mak v. FBI, 252 F.3d 1089, 1092 (9th Cir. 2001) (affirming judgment in favor of government because plaintiff had not followed FBI's Touhy regulations).

**B. Analysis**

Defendants declined Plaintiff's request for documents for three reasons. First, the request would reveal how, when and why the FBI goes about investigating pornography websites. Second, producing the documents would not be an efficient use of taxpayer dollars and is work more appropriate for an expert or investigator. Lastly, they assert that the requests are unduly burdensome and seek information not relevant to the underlying state criminal case. Plaintiff argues that the reasons provided are conclusory and not supported by any evidence. If the Court is inclined to grant summary judgment in favor of Defendants, Plaintiff asks the Court to defer its ruling in order to allow time for him to conduct discovery on these issues.

First, the Court notes that the standard on summary judgment in a standard civil case is different than reviewing an agency decision in an APA case. See Occidental

Eng'g Co. v. INS, 753 F.2d 766, 769 (9th Cir.1985) (in and administrative proceeding "there are no disputed facts that the district court must resolve.") When reviewing an agency action under the APA, "the district judge sits as an appellate tribunal." American Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001). As such, discovery is generally not allowed under the APA as the Court's review is limited to the administrative record. See Animal Defense Council, 840 F.2d at 1436. "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." City & Cnty. Of San Francisco v. U.S., 130 F.3d 873, 877 (9th Cir. 1997) (quoting Occidental Eng'g Co. v. INS, 753 F.2d 766, 769 (9th Cir.1985)). Therefore, Plaintiff's assertion that Defendants failed to provide evidence to support their motion is without merit as well as his request for discovery[4] in this case.

First, Defendants declined disclosure under 28 C.F.R. § 16.26(b)(5) arguing that disclosing information about whether "iceporn.com" ever contained images of child pornography would reveal how, when and why the FBI goes about determining whether a website contains child pornography which would impair the effectiveness of the FBI's investigations. Plaintiff disagrees and argues he does not seek information of the FBI's investigative methods or techniques.

The U.S. Attorney is not authorized to approve a disclosure that "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26(b)(5). Under this section, the agency may assert a "qualified privilege for certain information related to law enforcement activities." Cabral v. U.S. Dep't of Justice, 587 F.3d 13, 23 (1st Cir. 2009) (citing Commonwealth of Puerto Rico v. U.S., 490 F.3d 50, 62 (1st Cir.

---

[4]The discovery Plaintiff seeks is to propound simple yes/no interrogatories to Defendants as to the documents he requested. (Dkt. No. 23 at 6.) Plaintiff does not seek discovery based on any of the exceptions to the general rule that the Court's review is limited to the administrative record.

2007)). Courts "have recognized that the privilege may be applied in order to ensure the efficacy of investigative techniques in future cases." Shah v. Dep't of Justice, 89 F. Supp. 3d 1074, 1080 (D. Nev. Feb. 2, 2015) (citing Commonwealth of Puerto Rico, 490 F.3d at 64).

In Shah, the DOJ refused to disclose charts, graphs, and raw data associated with a polygraph examination conducted upon Plaintiff by the FBI in which Plaintiff was facing state criminal charges. Shah, 89 F. Supp. 3d at 1076. The FBI explained that releasing the data under the polygraph examination would "significantly risk circumvention of the FBI's law enforcement ability, by arming those intent on breaking the law with information about FBI polygraph questions, charts, reports, and equipment." Id. at 1077. The "efficacy of polygraph examinations is substantially reliant on presenting questions in specific patterns and sequences that are not known to the examinee, and that publicly disclosing the underlying questions, charts, and graphs would allow future examinees to employ effective countermeasures against polygraph tests." Id.

Here, Defendants' letter to Plaintiff explained that to disclose information about whether "iceporn.com" ever contained child pornography images would reveal "how and when and why the FBI goes about determining whether a website contains child pornography, impairing the effectiveness of the FBI's investigations." (Dkt. No. 20-2, Hoffman Decl., Ex. D at 38.) Plaintiff disputes Defedants'argument contending that all he merely seeks is a yes/no answer and not "how, why and when" the FBI obtained the information and not asking the FBI to collect and analyze investigative data for him. (Dkt. No. 22 at 7.)

A review of the nine/ten specific requests reveal that the answers Plaintiff seeks are not merely yes/no answers but would involve some type of explanation that would disclose investigative techniques and/or investigatory records compiled for law enforcement purposes. Defendant's assessment that disclosing whether "iceporn.com" ever contained child pornographic images would reveal how, when and why the FBI

determines whether a website contains child pornography and could jeopardize future investigations is a rational one based on the facts presented.

Next, Defendants denied Plaintiff's Touhy request because compliance would not be the best use of federal taxpayer dollars and the documents he is requesting is more suitable for an investigator or expert witness. For example, Defendants explained that Request Nos. 5, 7, 8, 9, and 10 ask the FBI to conduct work in defending his criminal case which is more appropriate for Plaintiff's investigator or expert witnesses. (Dkt. No. 20-2, Hoffman Decl., Ex. D at 37.) Stated another way, responding to Plaintiff's requests would divert FBI resources away from its duties as federal law enforcement officers "funded by the taxpaying public for that purpose, to other purposes not directly related to those duties." Id.

"When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." COMSAT Corp., 190 F.3d at 278. Courts should defer to the agency on how to best use its resources as they are in the best position to determine how much time and effort would be involved considering its ability to comply. See id. ("we defer to the agency's judgment, recognizing as we do that 'federal judges—who have no constituency—have a duty to respect legitimate policy choices made by those who do . . . [because] [o]ur Constitution vests such responsibilities in the political branches."); City of Ashland v. Schaefer, Civ. No. 08-3048-CL, 2008 WL 2944681, at *6 (D. Or., July 31, 2008) ("[T]he USDA is in the best position to determine the time and effort involved in preparing the employees for their depositions and testimony and how that time commitment might hamper their ability to fulfill their duties. Thus, the Court cannot find that the USDA's decision regarding the testimony's undue interference with the employees' [duties] was unreasonable or irrational."); Bobreski v. U.S. Envtl. Prot. Agency, 284 F. Supp. 2d 67, 80 (D.D.C. 2003) ("The plaintiff may not agree with EPA's assessment and its denial of the plaintiff's request. But neither the plaintiff nor this court may substitute their judgment for that of the

EPA. Because EPA made a rational decision in accordance with its Touhy regulations, the court determines that EPA's denial of the plaintiff's request for the inspector's testimony was not arbitrary and capricious.").

In City of Ashland, while the party seeking the testimony of a USDA employee argued that the USDA provided no evidence of how providing testimony would interfere with the subpoened employee's duties, the court noted that may be true, but the Court deferred to the USDA's assessment as to whether compliance would be burdensome as the USDA is in the best position to determine the time and effort involved in preparing for the depositions and whether that time commitment would hamper their ability to perform their duties. City of Ashland, 2008 WL 2944681, at *6.

In another case, the Third Circuit, affirming the district court's grant of summary judgment in favor of the EPA under the APA, stated that while it would not have necessarily interpreted the EPA's interest as narrowly as it had done, the court concluded that the EPA did not abuse its discretion in deciding that its interests in the employees' time spent on agency business which was also taxpayer's money outweighed the interests of a party in a private litigation to which the EPA was not a party. Davis Enters. v. U.S. E.P.A., 877 F.2d 1181, 1188 (3d Cir. 1989).

Here, the Court defers to the DOJ's determination that answering Plaintiff's numerous requests would divert FBI employees from their primary duties as law enforcement officers to other non-law enforcement matters. Moreover, the requested documents are more appropriate for an investigator or expert witness in Plaintiff's case and it is not clear why such information could not be obtained by them. Defendants' decision was based a rational connection between the facts presented and the decision made.

Finally, Defendants argue, under 28 C.F.R. § 16.26(a), the requests are unduly burdensome and seek information not relevant to his state criminal case. (Dkt. No. 20-2, Hoffman Decl., Ex. D at 37.) As an example, the DOJ notes that Request Nos. 8 and 9 ask for information about websites that have 18 U.S.C. § 2257 disclaimers which

could be potentially numerous and then ask whether those disclaimers are true and then ask for a statistical analysis of the results. According to Defendants, not only would the request be unduly burdensome, the information is not relevant and possibly not admissible as evidence at his trial and therefore, not appropriate under the rules of procedure under § 16.26(a)(1).

28 C.F.R. § 16.26(a)(1) provides that the DOJ should consider "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose . . . ." 28 C.F.R. § 16.26(a)(1). Denial is appropriate if the requests are overbroad and "not directly relevant to the primary issue at hand." Cabral, 587 F.3d at 23.

The Court concludes that the DOJ's reasons for denying Plaintiff's requests because they are not only overbroad and unduly burdensome but are also not relevant to the issues in his underlying criminal case were a rational one.

In summary, the DOJ's denial of Plaintiff's requests was not arbitrary or capricious, an abuse of discretion or contrary to law. See 5 U.S.C. § 706(2)(A).

In his reply, Plaintiff raises a new issue alleging a violation of the APA because the decision was contrary to his constitutional right to exculpatory evidence under Brady. As an initial matter, courts may not consider arguments raised for the first time in the reply brief. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 1997).

To the extent Plaintiff is proceeding pro se, the Court will consider the new argument. However, even if the Court considered Plaintiff's argument of an alleged Brady violation to challenge the DOJ's decision, it is without merit. A prosecutor's failure to disclose favorable evidence to an accused "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). A Brady violation occurs if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). "Merely withholding evidence

useful to a defendant does not violate the Brady rule." Kwan Fai Mak, 252 F.3d at 1094. In addition, it is unresolved whether Brady imposes a duty on the federal government to provide information to a state court defendant. Id. at 1093. Kwan Fai Mak is an APA case where the FBI declined to disclose allegedly useful information in plaintiff's state capital sentencing proceedings and the Ninth Circuit held that the Brady allegation was premature. Id. The Ninth Circuit noted in the early stage of a criminal proceeding, it is not possible to determine whether withholding the information in question will create a Brady violation because it is not clear how important the withheld information will be. Id. Similarly, in this case, it is not clear how important the withheld information is and the Court cannot determine the impact of an alleged Brady violation. Therefore, assuming Brady imposes a duty on the FBI, Plaintiff's newly raised Brady allegation is premature and without merit at this time. See id.

**Conclusion**

Based on the above, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's motion for summary judgment.[5] The hearing set for March 10, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED: March 3, 2017

HON. GONZALO P. CURIEL
United States District Judge

[5] In his opposition, Plaintiff asserts that he sent a FOIA request to the FBI in December 2016. (Dkt. No. 23, Benhoff Decl. ¶ 2; id., Ex. A at 11.) Plaintiff intends to seek leave to amend his complaint once the FOIA request is denied. Since the Court is closing the case as it is granting Defendants' motion for summary judgment, Plaintiff may file another Complaint seeking relief under FOIA.